■ NORMA GRECK, as Administratrix of the Estate of DAVID J. GRECK, Deceased, Respondent, et al., Plaintiffs, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment reversed on the law and on the facts and a new trial ordered, with costs to appellant to abide the event. We find the verdict, particularly as to contributory negligence, to be against the weight of the credible evidence and the amount of the verdict to be grossly excessive. Plaintiff's intestate met his death at a railroad crossing at Fuller Road, near

Albany. He was proceeding to cross the tracks in his automobile. Decedent was driving, his wife was in the front seat next to him, and another couple occupied the rear seats. The accident took place in daylight on the evening of August 16, 1957. The crossing was protected by flashing lights and automatic gates. Both were triggered automatically by an approaching train. There was testimony that the flashing lights and the gates were on the same electrical circuit. Plaintiffs offered testimony that the lights did not flash on this occasion but the gates did operate. Whether this was possible mechanically did not appear. In any event, the automobile was practically under the near gate as it started to descend and the gate came to rest on the top of the car. The opposite gate also descended and deceased stopped the car, partly on the track. All the occupants got out of the car, and all but the deceased retreated to a place of safety behind the gate. Deceased instead passed around the front of the car and stopped on the opposite side. The evidence is not clear as to what he did there, the plaintiffs claiming that he was looking for his wife and the defendant deducing from the same testimony that he was trying to move the car. The period of time between the gate having struck the roof of the car and the contact between the locomotive and the car is variously fixed between 37 and 38 seconds, depending on at what point the mechanism would start the closing of the gate. It is hardly conceivable that the others would have been able to leave the immediate scene in the shorter period and, concededly, decedent stayed on the tracks an appreciable period after they had done so. There was no impediment peculiar to decedent to prevent him from exercising the same care for his own person that the others did. Nor does it appear that concern for his wife kept him on the scene. Even assuming the unlikely hypothesis that he failed to note her departure from the car, the testimony was that he looked in it on his way around the car. Even then an ample period apparently existed for him to save himself, as he was observed to walk toward the rear of the car and stop—though whether this was accompanied by an effort to move the car is disputed. The conceded facts practically demonstrate that the greater interval between the stopping of the car and the collision is correct and that the failure of the decedent to leave the tracks, knowing of the imminent approach of the train, makes a finding that he was free from contributory negligence contrary to the weight of the evidence. As to damages, the amount found is almost exactly the life expectancy of the deceased multiplied by his then annual earnings. There is no allowance for a slackening of his earning capacity in the declining years of life nor for the present value of the award. The result is gross excessiveness. Concur — Valente, J. P., McNally and Steuer, JJ.; Stevens and Eager, JJ., dissent in the following memorandum: In view of the fact that, in this action for wrongful death, the burden of the proof as to contributory negligence was upon the defendant and the credibility of the witnesses was for the jury, we dissent insofar as the majority would reverse the judgment and order a new trial upon the ground that the verdict, as to contributory negligence, is against the weight of the evidence. We have not considered the question as to whether or not the verdict is grossly excessive.